PER CURIAM.
The Respondent in this case filed a plea of guilty (Integration Rule of The Florida Bar, Art. XI, Rule 11.06(11), 32 F.S.A.), to charges brought against him by The Florida Bar, which were stated to be as follows:
“That the Respondent was retained by JAMES ESCHINGER to represent him as his attorney for the purpose of collecting his share of the proceeds of his late father’s estate.
“That on or about May 26, 1967, the Respondent received a check in the amount of $6,715.78 made payable to JAMES ESCHINGER. That the Respondent endorsed JAMES ESCHINGER’S name on said check and deposited the proceeds in his Trust Account.
“That the Respondent, without making any distribution to JAMES ESCHINGER, withdrew from his Trust Account $6,715.78 belonging to JAMES ES-CHINGER, and appropriated said monies for his own use and purposes.
“That for a long time thereafter and up to approximately April 7, 1968, the *460 Respondent failed and refused to make an accounting to JAMES ESCHINGER for the $6,715.78 due and owing him.
“That on or about April 17, 1968, the Respondent did make full and complete restitution to JAMES ESCHINGER.”
On these allegations, the Respondent was charged with violating his oath as an attorney, violating Rule 11.02 of Art. XI of the Integration Rule of The Florida Bar, Canon 11 of the Canons of Professional Ethics, and Rules 1, 27 and 30 of the Additional Rules Governing the Conduct of Attorneys.
The Board of Governors of The Florida Bar found Respondent guilty as charged and recommended that Respondent be suspended from the practice of law for a period of two years, and thereafter until he shall have demonstrated his rehabilitation and his fitness to resume the practice of law. The Board of Governors also recommended that the Respondent be taxed the costs of proceedings, amounting to $94.50.
After examination of the file and review of the case, this Court approves and adopts the recommendations of The Florida Bar for punishment.
It is adjudged that the Respondent, Fred Patrox, a member of The Florida Bar, be and he is hereby suspended from the practice of law for two years and thereafter until he shall demonstrate his rehabilitation and fitness to resume the practice of law. It is adjudged that The Florida Bar shall have and recover its costs herein in the sum of $94.50 for which let execution issue.
It is so ordered.
ERVIN, C. J., and ROBERTS, DREW, ADKINS and BOYD, JJ., concur.